## 10474

### AUTREY v. BELL.

#### (103 S. E. 749.)

1. Appeal and Error—Remarks of Court on Objection to Counsel's Leading Witness Not Prejudicial.—Remarks of the Court on objection to counsel's leading the witness on redirect examination, "That is superfluous. This witness has covered it in a most clear way; what is the use of reiterating it?" with other comment and a direction to the jury, *held* not so prejudicial to defendant as to warrant reversal of judgment for plaintiff.

2. Customs and Usages—Unambiguous Contract of Employment Could Not Be Varied by Evidence of Custom.—An unambiguous contract of employment could not be varied or explained by evidence of custom and usage.

3. EMPLOYER AND EMPLOYEE—CHARGE STATING ISSUES NOT ERRONEOUS AS
TO DEFENSE.—In an action for commissions on sales by plaintiff as
defendant's employee, where the evidence for both parties showed
and the answer admitted plaintiff sold for defendant and was to
receive definite commissions, but dispute was to whether commissions
were payable after a year's work or, as defendant claimed, monthly,
and there was no evidence of any condition of forfeiture in the con-
tract, charge merely stating the issues of the case, and using the word
"forfeited" in connection with commissions in stating defendant's
claim, *held* not erroneous.

4. TRIAL—CHARGE NOT ERRONEOUS AS IMPOSING BURDEN ON DEFENDANT
EMPLOYER TO AVOID LIABILITY.—In an action for commission on sales
by plaintiff as defendant's employee, instruction that defendant
denied the contract, and claimed that if there was a contract with
reference to such commission, it was to be paid only at the end of a
year, etc., *held* not erroneous as imposing on defendant the burden of
proof to avoid liability under the facts as they existed.

5. TRIAL—QUALIFICATION OF REQUEST TO CHARGE BY STATING LANGUAGE
WAS COMPLICATED AND HARD TO UNDERSTAND NOT ERRONEOUS.—
The Court did not err in qualifying defendant's request to charge by
stating that it was good law, but very complicated language and very
hard to understand, but that he charged it, nevertheless; the qualifi-
cation not being equivalent to instructing the jury to disregard the
charge.

Before MEMMINGER, J., Spartanburg, April, 1919. Af-
firmed.

Action by W. A. Autrey against J. W. Bell for commis-
sions as a salesman. From judgment for plaintiff, the
defendant appeals.

Exceptions 1-3 and 5-7 are as follows:

(1) The Court erred in instructing the jury with respect
to plaintiff's testimony: "That is superfluous. This wit-
ness has covered it in a most clear way; what is the use of
reiterating it?"—it being respectfully submitted that such
statement (a) passed upon the credibility and weight to be
given this witness's testimony; and (b) conveyed to the jury
the Court's estimate of the conclusive value of this witness's
testimony.

(2) In refusing to permit defendant's witness, Howell, to testify as to the agreement between plaintiff and defendant, in the following language: "I expect you had better drop that subject"—it being respectfully submitted that the direction to desist further examination of this witness on this issue in the language given (a) discredited the witness, and the force and effect to be given his testimony; and (b) invaded the province of the jury in determining the issue of fact.

(3) In directing the jury upon defendant's objection to the competency of the testimony of the witness, Bussy: "This is a special contract. It is absolutely incompetent"— in that such statement was tantamount to a peremptory instruction to the jury to find that the relation between plaintiff and defendant was under the contract testified to by plaintiff, and excluded from the jury's consideration the issue as to what kind of contract existed between the parties.

(5) In charging the jury that "the defendant comes in and denies there was such a contract—claims if there was such a contract with reference to such a commission that it was only to be paid at the end of the year; that he failed to serve out that year, forfeited, and could not be entitled to recover such compensation"—(a) in that such charge was instruction to the jury that in order to avoid liability under the facts as they existed the defendant must show affirmatively, and thereby imposed on the defendant the burden of proof by the preponderance of the testimony; (b) in that such instruction was tantamount to instructing the jury that the plaintiff must recover, unless the defendant shows that the plaintiff had forfeited some legal right; there was no element of forfeiture in the pleadings or case; (c) in that such instruction based defendant's defense upon the idea of forfeiture by the plaintiff.

(6) In charging the jury as follows: "Then the idea that has been advanced in behalf of Bell for the year, if he was

to get anything at the end of the year, that was forfeited and lost to him by not having served through the year, would prevail"—(a) in that such charge imposed upon the defendant the burden of proof in the case, which burden was not imposed upon the defendant by law; (b) in that such charge was instruction to the jury that plaintiff must recover, unless he had forfeited a legal right; (c.) in that such charge was hypothecated upon an assumptioin that plaintiff had made out his case completely, and there was no defense, unless the jury believed that he had forfeited his right, thereby depriving the jury of passing upon the issue of fact in the case, to wit, contract between the parties; (d) in that the use of the term "forfeiture" in this connection prejudiced the jury in favor of the plaintiff, inasmuch as it placed the defendant in the position before the jury of seeking to claim a forfeiture, which was not an issue in the pleadings or in the case.

(7) In qualifying defendant's seventh request to charge as follows: "That is good law, but very complicated language, gentlemen, and very hard to understand it; nevertheless I charge it"—in that such qualification was equivalent to instructing the jury to disregard such charge, it being respectfully submitted that such charge contained a sound proposition of law, applicable to the case, and which the defendant was entitled to have the jury instructed upon.

*Messrs. Brown & Boyd,* for appellant, cite: *Comments by Judge during trial were carried to the extent .of making him participant in decision on the facts, and new trial should be had:* 73 S. C. 379; 81 S. C. 374; 87 S. C. 407. *Custom and usages of trade may be proven:* 8 S. C. L. (1 Mill.) 305; 11 S. C. Eq. (2 Hill) 359. *But must be shown to be such as are notorious and well established:* 28 S. C. L. (1 Spears) 249; 81 S. C. 432. *Burden put on defendant by the charge:* 90 S. C. 211. *Where agreement provides for compensation in one contingency, which does not occur, it*

*will not be extended to another contingency:* 6 R. C. L. 907. *Inconsistent charge ground for reversal:* 89 S. C. 420.

*Messrs. Hannon & Mansfield,* for respondent, cite: *Evidence of usage and custom inadmissible to vary express contract, free from ambiguity:* 2 Elliott on Contracts, pp. 1139-40, sec. 1803; 44 S. C. 227. *Provision in contract for forfeiture of wages for misconduct must be strictly construed against the employer:* 35 Ill. App. 481.

July 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for commissions under a contract between the parties for sale of certain commodities, the allegation being that the plaintiff was employed by the defendant to render to the defendant certain personal service. The case was tried before Judge Memminger, and a jury, at the April term of Court for Spartanburg county, and resulted in a verdict in favor of plaintiff for $127.78.

After motion for a new trial was refused and judgment entered defendant appeals.

Exceptions 1, 2, and 3, impute error on the part of his Honor, by remarks made with reference to witnesses, and testimony during the course of the trial. These exceptions are overruled. The remarks of his Honor were not such as to make him a participant in the decision of the facts upon which the issue depended, and we cannot see that the defendant was prejudiced thereby to such an extent as would warrant a reversal.

Exceptions 4 and 8 question the correctness of ruling, in ruling out evidence of custom and usage of trade, and refusing to charge that custom and usage of trade, with respect to the matters involved, would be binding as a part of the contract between the parties. The suit was in a special contract; there was no forfeiture in it

There was no denial by the defendant of plaintiff's employment by him.   Plaintiff was to have fixed commissions on each article sold.   These commissions were definite and fixed.   The evidence of custom and usage had nothing to do with the express contract, the basis of plaintiff's claim, and could not vary or explain the same; it was unambiguous in its terms.   Both parties agreed there was a contract and his Honor committed no error as complained of.   These exceptions are overruled.

Exceptions 5 and 6 relate to his Honor's charge as to the defendant's defense.   The evidence showed on behalf of both plaintiff and defendant, and answer also admitted, that the plaintiff sold certain articles for the defendant, and plaintiff was to receive certain, definite, and fixed commissions.   There was no evidence that there was a condition of forfeiture in the contract between the parties, and his Honor merely stated the issues of the case.   We see no error.   These exceptions are overruled.

Exception 7 is overruled, being without merit.

Judgment is affirmed.